

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70442-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN PANG, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 13, 2015 |
| | ) | |

PER CURIAM — Martin Pang appeals an order denying his motion to terminate the legal financial obligations (LFOs) imposed following his 1998 guilty pleas to four counts of manslaughter. He contends the initial ten-year collection period for the LFOs expired when it was not extended in 2008. The State argues, and the superior court ruled, that Pang's initial ten-year collection period does not commence until he is released from total confinement. We agree and affirm.

For purposes of collecting restitution, RCW 9.94A.753(4) provides that an offender

> shall remain under the court's jurisdiction for a term of ten years following the offender's release from total confinement or ten years subsequent to the entry of the judgment and sentence, whichever period ends later. Prior to the expiration of the initial ten-year period, the superior court may extend jurisdiction under the criminal judgment an additional ten years for payment of restitution.

Virtually identical statutory language applies to the collection of other legal financial obligations. RCW 9.94A.760(4).

No. 70442-7-I/2

In 1998, the trial court ordered Pang to pay various costs, assessments, and restitution. He has been continuously incarcerated since his sentencing. Accordingly, under RCW 9.94A.753(4) and 9.94A.760(4), his initial ten-year collection period has not yet commenced. The fact that the superior court mistakenly notified Pang in 2007 that it intended to extend the initial collection period and then failed to do so is of no moment. The initial ten-year period will not commence until Pang is released from total confinement.

Affirmed.

FOR THE COURT:

_____

Becker, J.

_____

Leach, J.

- 2 -